**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MATEEN ABDULLAH,<br><br>*Plaintiff*,<br><br>v.<br><br>KEVIN WARSH,<br>Chairman, Board of Governors<br>of the Federal Reserve System,<br>in his official capacity,<br><br>*Defendant*. | Civil Action No. 1:25-cv-02156 (CJN) |

**MEMORANDUM OPINION**

Mateen Abdullah sued the Chairman of the Board of Governors of the Federal Reserve System, bringing three claims of discrimination and one claim of retaliation under Title VII, two more claims of discrimination under the Age Discrimination in Employment Act and the Rehabilitation Act, and two tort claims of negligence and negligent supervision. ECF No. 1 at 12–25. For the reasons discussed below, the Court grants the Chairman's motion to dismiss. ECF No. 7.

In January 2022, Abdullah filed a formal Equal Employment Opportunity complaint regarding the discrimination and retaliation he allegedly experienced while he was an employee of the Board of Governors. *See* ECF No. 7-2 at 2; ECF No. 8 at 2.[1] An administrative judge ruled

[1] In ruling on the motion to dismiss, the Court is free to consider the Notice of Final Agency Decision (ECF No. 7-2) received by Abdullah even though "the document [was] produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss" because "[his] complaint necessarily relies" on it. *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted); *see also Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015) (acknowledging that a court may consider as incorporated

in favor of the Board on April 10, 2024, and the Board sent Abdullah a Notice of Final Agency Decision two weeks later, informing him that the Board had "determined to fully implement [the administrative judge's] order entering judgment in favor of the Board" and that he had "the right to file a civil action in an appropriate United States District Court . . . within 90 days of receipt of this final agency decision." ECF No. 7-2 at 2–4. That 90-day deadline applied to all of Abdullah's discrimination and retaliation claims—those under Title VII, as well as those under the Age Discrimination in Employment Act and the Rehabilitation Act. *See, e.g.*, 12 C.F.R. § 268.406(a); *see also* 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1); 29 C.F.R. § 1614.407(a); *Price v. Bernanke*, 470 F.3d 384, 389 (D.C. Cir. 2006). This action, however, was filed more than a year later, on July 7, 2025, which means the claims are time-barred. ECF No. 1; *cf. McAlister v. Potter*, 733 F. Supp. 2d 134, 142–44 (D.D.C. 2010).

Abdullah has two responses to this. *First*, he argues that the claims are timely because he "acted diligently" by filing an action in the D.C. Superior Court on July 15, 2024, well within the 90-day window. ECF No. 8 at 4 (capitalization altered). That action was removed to federal court, where it was eventually dismissed for lack of derivative jurisdiction on June 16, 2025. ECF No. 1 ¶ 9; ECF No. 7-1 at 2. But the filing of that action is irrelevant to whether the claims in this action are timely, and a plaintiff's diligence is not demonstrated by filing in the wrong court. *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) (explaining that diligence "covers those affairs within the litigant's control"); *cf. Young v. SEC*, 956 F.3d 650, 656 (D.C. Cir. 2020) ("Ignorance of the law or unfamiliarity with the legal process will not excuse a litigant's untimely filing." (alterations adopted and internal quotation marks omitted)). *Second*,

---

by reference a document which "comes before the court only as an attachment to the defendant's motion to dismiss").

Abdullah asks the Court to overlook the untimeliness of his filing, either by granting him equitable tolling or by restarting the clock upon the dismissal of his original suit. *See* ECF No. 8 at 4–5. But Abdullah offers no authority in support of these suggestions. Equitable tolling requires extraordinary circumstances outside a plaintiff's control, and a plaintiff's "own misunderstanding of the law" does not meet that bar. *Vanderploeg v. Rubio*, No. 24-cv-2351, 2025 WL 2761592, at *2 (D.D.C. Sept. 29, 2025); *see also Young v. SEC*, 956 F.3d 650, 656 (D.C. Cir. 2020) ("[F]iling an action in a state court . . . that clearly lacks jurisdiction over the action does not toll the time for filing in federal court."); *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."). And the Court has no power to grant Abdullah "a fresh 90-day window from the date the Superior Court complaint was dismissed for lack of jurisdiction in federal court" as he asks. ECF No. 8 at 5; *see Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Abdullah argues—again without any authority—that "strict application of procedural rules should not bar meritorious claims where the plaintiff has demonstrated diligent pursuit of their rights," but federal courts do strictly enforce these rules and plaintiffs in very similar circumstances have had their complaints dismissed before. ECF No. 8 at 3; *see, e.g.*, *Williams v. Perdue*, 613 F. Supp. 3d 437 (D.D.C. 2020), *aff'd*, No. 20-5133, 2020 WL 9595288 (D.C. Cir. Nov. 23, 2020).[2]

[2] The facts and timeline in *Williams*, which also involved discrimination and retaliation claims, are strikingly similar to this case. *See Williams*, 613 F. Supp. 3d at 443. Williams originally filed—within the 90-day period—a suit in D.C. Superior Court, which was removed to federal court and then dismissed for lack of derivative jurisdiction. *Id.* at 442. After that dismissal, Williams promptly filed a new suit in federal court, where his claims were dismissed as untimely because by that point more than a year had elapsed since the notice date. *Id.* at 442, 453.

That leaves Abdullah's tort claims, where once again he offers no authority in defense of his argument that they "are sufficiently exhausted or should be allowed to proceed." ECF No. 8 at 6 (capitalization altered). Tort claims against the United States are "forever barred" unless they are first "presented in writing to the appropriate Federal agency within two years" after they accrue. 28 U.S.C. § 2401(b). But Abdullah did not present claims for negligence and negligent supervision in his administrative complaint, which alleged a variety of claims for failure to accommodate, constructive discharge, retaliation, and several kinds of discrimination, and it is now well over two years since his alleged constructive termination in early 2022 and the events that led up to it. *See* ECF No. 7-2 at 2; *cf.* ECF No. 1 ¶ 83; ECF No. 7-1 at 7. Because Abdullah has not exhausted the administrative remedies for his tort claims, the Court lacks subject-matter jurisdiction over them and must dismiss them. *See Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997).

Abdullah's discrimination and retaliation claims are untimely, and his tort claims are unexhausted. These flaws fatally undermine the complaint, which the Court dismisses in its entirety.[3] The Court will issue an Order contemporaneously with this Memorandum Opinion.

DATE: September 30, 2026

CARL J. NICHOLS
United States District Judge

[3] Because the untimeliness of the discrimination and retaliation claims cannot be cured by amendment, the Court dismisses those claims *with* prejudice. But the Court dismisses the unexhausted tort claims *without* prejudice because it lacks subject-matter jurisdiction over them.